UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEVIN ANGELO BECKETT, JR., | No.  2:18-cv-2655 MCE AC P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| S. BANAAG, | |
| Defendant. | |

I.     Introduction

Plaintiff is a state prisoner (or former state prisoner[1]) proceeding pro se and in forma pauperis with this civil rights action under 42 U.S.C. § 1983.  Plaintiff pursues an Eighth Amendment excessive force claim against sole defendant S. Banaag, a former prison cook at California State Prison Solano (CSP-SOL).  The court's most recent order directed plaintiff to provide additional information to facilitate service of process on defendant, and informed plaintiff that failure to do so may result in a recommendation that this action be dismissed.  In response,

---

[1]  The CDCR Inmate Locator website no longer lists plaintiff as a CDCR prisoner. See http://inmatelocator.cdcr.ca.gov/search.aspx.  See also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned); see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").  Plaintiff has not notified the court of his release or submitted a post-release change of address.

plaintiff instead filed a proposed First Amended Complaint (FAC) that adds two correctional officials as defendants. ECF No. 29.

The court construes plaintiff's submission of the proposed FAC as a motion for leave to proceed on the FAC. For the reasons set forth below, the court recommends that his motion be denied. In addition, the court construes plaintiff's failure to submit further service information regarding S. Banaag as his concession that he is unable to provide such information. Accordingly, and for the reasons set forth more fully below, the undersigned recommends that this action be dismissed without prejudice.

II.   Background

By order filed December 20, 2018, this court found that plaintiff's original complaint states an Eighth Amendment claim for excessive force against defendant S. Banaag. See ECF No. 6. The court directed plaintiff to submit the information necessary for the United States Marshal to serve process on defendant Banaag. Id. Thereafter the Marshal was unable to obtain a waiver of service from defendant at the address provided by plaintiff and was subsequently informed by CDCR's Office of Legal Affairs that defendant's location was unknown. See ECF No. 13.

The court then directed CDCR to attempt electronic service on defendant if he was still employed by CDCR. See ECF Nos. 14. In response, CDCR informed the court that defendant was "unreachable." ECF No. 17. The court directed CDCR and the Office of the Attorney General (AG) to attempt to locate a serviceable address for defendant. ECF No. 19. In November 2019, the AG confirmed that defendant was no longer employed by CDCR and provided his last known personal address under seal. See ECF Nos. 20-2. The court directed the Marshal to attempt personal service on defendant at this address. ECF No. 23. In January 2020, after three unsuccessful attempts to personally serve defendant, the Marshal returned the summons unexecuted. ECF No. 25.

The court then directed plaintiff to attempt to investigate defendant's whereabouts and submit any additional relevant service information. ECF No. 26. The court informed plaintiff that he could "attempt to obtain such information through the California Public Records Act,

1  Calif. Gov't. Code § 6250, et seq., or other means available to plaintiff," and noted that the court
2  "has no other options for assisting plaintiff in this endeavor." Id. at 2.  The court also informed
3  plaintiff that "[f]ailure to serve process on defendant within a reasonable period will result in a
4  recommendation that this action be dismissed without prejudice. See Fed. R. Civ. P. 4(m)." Id.
5       In response, plaintiff filed a FAC, again naming defendant Banaag and adding two new
6  defendants. ECF No. 29.  Plaintiff has provided no further information concerning a serviceable
7  address for defendant Banaag.
8       III.     Screening of Proposed First Amended Complaint (FAC)
9            A.     Legal Standards for Screening Prisoner Complaints
10       The court is required to screen complaints brought by prisoners seeking relief against a
11  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
12  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
13  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
14  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
15  A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v.
16  Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir.
17  1984).
18            B.     Failure to State a Claim Against the Newly Named Defendants
19       The FAC repeats plaintiff's allegations against defendant Banaag, which continue to state
20  a cognizable Eighth Amendment excessive force claim.  This claim is not substantively amended
21  in the FAC.
22       In addition, plaintiff alleges that newly-named defendant CSP-SOL Warden Giselle
23  Matteson (who was apparently Associate Warden at the time of the challenged incident) failed to
24  protect plaintiff because she allegedly hired defendant and retained him pending the investigation
25  of plaintiff's allegations.  A failure to protect claim under the Eighth Amendment requires a
26  showing that "the official [knew] of and disregard[ed] an excessive risk to inmate health or
27  safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994).  "[T]he official must both be aware of
28  facts from which the inference could be drawn that a substantial risk of serious harm exists, and

3

he must also draw the inference." Id. Moreover, a supervisor may be sued in her individual capacity only if she participated in or directed the challenged conduct or knew of the potential harm to plaintiff and failed to attempt to prevent it.[2]

Plaintiff's general allegations that Matteson "is responsible for the overall protection of the inmates . . . [and] for the hiring of employees" at CSP-SOL, ECF No. 29 at 8, are insufficient to state a cognizable failure to protect claim. The FAC makes no allegations that support a reasonable inference that Matteson had prior knowledge of Banaag's propensity to assault inmates generally or plaintiff specifically. The exhibits to plaintiff's original complaint, which reflect the administrative exhaustion of plaintiff's relevant inmate appeal and referral of the appeal to the Office of Internal Affairs (OIA), contain no reference to Matteson and thus fail to demonstrate that she knew of and disregarded a risk to plaintiff's safety. See generally ECF No. 1. The court finds, therefore, that the FAC does not state a viable claim against Matteson and that further amendment would not cure this deficiency.

The FAC also identifies newly-named defendant CSP-SOL Lt. R. Douglas, who authorized plaintiff's placement in CSP-SOL's Administrative Segregation Unit (ASU) pending the investigation of his allegations against defendant Banaag. See ECF No. 1 at 15; ECF No. 29 at 7-14. Plaintiff alleges that the ASU placement resulted in the loss of his kitchen job and wages. After plaintiff was released from the ASU without imposition of charges, he was permitted to temporarily volunteer in the kitchen. However, Douglas informed plaintiff that

---

[2] As explained by the Ninth Circuit:
> Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others. In a section 1983 claim, a supervisor is liable for the acts of his subordinates if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them. The requisite causal connection may be established when an official sets in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict constitutional harms.

Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009) (citations and internal quotation marks omitted).

4

1  Banaag that would be returning to his position and, apparently, that plaintiff would not be
2  reinstated in his kitchen job.  Shortly thereafter plaintiff obtained an anticipated reduction in his
3  security classification to Level II, but within a few weeks began receiving "frivolous RVRs" and
4  was again reclassified to Level III and later transferred to a Level III prison.  ECF No. 29 at 14.

5  These allegations do not support a cognizable claim against Douglas.  Plaintiff's ASU
6  placement was consistent with prison policy, intended to protect both plaintiff and Banaag during
7  the investigation.  The decision to reinstate Banaag and the loss of plaintiff's job were within the
8  discretion of prison officials.  "Prisoners have no constitutional right to a prison job or
9  educational opportunities. . . . [or] to any work assignment."  Easley v. Jett, 29 F.3d 631 (9th Cir.
10 1994) (citations omitted).  In addition, it is well established that prisoners have no federal
11 constitutional right to a particular classification status or choice in housing.  See Hernandez v.
12 Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987) (citing Moody v. Daggett, 429 U.S. 78, 88 n.9
13 (1976)).  The court finds, therefore, that the FAC does not state a cognizable claim against
14 Douglas and that further amendment would not cure this deficiency.

C. The Motion to Proceed on Proposed FAC Should Be Denied

16 For the foregoing reasons, the court finds that plaintiff proposed FAC does not state
17 cognizable claims against newly named defendants Matteson or Douglas and that the deficiencies
18 in plaintiff's allegations cannot be cured by further amendment.  "A district court may deny leave
19 to amend when amendment would be futile."  Hartmann v. California Department of Corrections
20 and Rehabilitation, 707 F.3d 1114, 1130 (9th Cir. 2013).

21 Accordingly, plaintiff's motion for leave to proceed on his proposed FAC should be
22 denied.

IV. This Action Should be Dismissed Without Prejudice

24 Federal Rule of Civil Procedure 4(m) provides in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

1  Fed. R. Civ. P. 4(m).

2      Plaintiff's initial complaint was signed on September 21, 2018, and was docketed in this court on September 28, 2018.  ECF No. 1 at 1, 3.  The undersigned found service of process appropriate by order filed December 20, 2018.  ECF No. 6.  The court directed service of the complaint by orders filed January 16, 2019 (directing the U.S. Marshal to obtain defendant's waiver of service or, if unsuccessful, to personally serve defendant), ECF No. 10; July 31, 2019 (directing electronic service on defendant by CDCR), ECF No. 14; and November 18, 2019 (directing the U.S. Marshal to personally serve defendant at his sealed home address), ECF No. 23.

    However the "filing date" of plaintiff's complaint is calculated under Rule 4, Federal Rules of Civil Procedure, the 90-day period for proper service has long since expired.  Where service is untimely, as here, Rule 4(m) requires a district court to grant an extension of time for service when the plaintiff shows good cause for the delay.  Fed. R. Civ. P. 4(m); Efaw v. Williams, 473 F.3d 1038, 1040 (9th Cir. 2007).  In the absence of good cause, Rule 4(m) permits the district court to grant extended time upon a showing of good cause under the circumstances.  Id.; Lemoge v. United States, 587 F.3d 1188, 1197-98 (9th Cir. 2009).  In this case the court has already extended the time for service repeatedly.

    The undersigned finds that the circumstances existing in the instant case demonstrate that any further efforts to obtain the information necessary to serve defendant Banaag or effect such service would be futile.  It appears that plaintiff has abandoned such efforts, and the court has exhausted its own resources.  Accordingly, the undersigned will recommend that this action be dismissed without prejudice.

    V.    <u>Conclusion</u>

    For the foregoing reasons, IT IS HEREBY RECOMMENDED as follows:

    1. Plaintiff's proposed First Amended Complaint (FAC), ECF No. 29, be CONSTRUED in part as a motion for leave to proceed on the proposed FAC and, so construed, be DENIED; and

    2. That this action be DISMISSED without prejudice.

    These findings and recommendations are submitted to the United States District Judge

assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 26, 2020

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE